# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In Re:* S.C.

**No. 12-1146** (Kanawha County 10-JA-65)

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Travis A. Griffith, from the Circuit Court of Kanawha County which terminated her parental rights by order entered on August 29, 2012. The guardian ad litem for the child, Michael Payne, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR initiated this case in April of 2010 when it filed its petition with allegations that Petitioner Mother battled chronic drug abuse and had exposed her child to a violent relationship petitioner had with her boyfriend. The petition alleged an occasion when the child was left with an inappropriate caregiver and, during this care, was burned by chemicals from a methamphetamine lab. The circuit court granted Petitioner Mother a six-month post-adjudicatory improvement period, with which she did not fully comply. The circuit court terminated the improvement period before the six months passed. Ultimately, the circuit court terminated Petitioner Mother's parental rights by order entered in August of 2012. Petitioner Mother appeals this termination order.

Petitioner Mother argues that the circuit court erred in finding that the conditions of abuse and neglect could not be substantially corrected in the near future and argues that, consequently, the circuit court erred in terminating her parental rights. Petitioner Mother argues that she has freely admitted to having a substance abuse problem and has acknowledged her failure to comply with DHHR services, but also asserts that she showed improvement at the dispositional hearing. In response, the child's guardian ad litem and the DHHR both argue that the circuit court did not err in terminating petitioner's parental rights. They argue that petitioner failed to make substantial progress during her six-month post-adjudicatory improvement period and that the circuit court outlined its findings in its dispositional order and throughout the record for terminating petitioner's parental rights.

The Court has previously established the following standard of review:

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights. The Court finds that the circuit court was presented with sufficient evidence upon which it based findings that there were no reasonable grounds to believe that conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject child.

Affirmed.

**ISSUED: March 12, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum